# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DANNY JORGENSON,

              Petitioner,

      v.

MARION SPEARMAN,

              Respondent.

NO. EDCV 16-00455-JLS (KS)

**ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY**

On March 14, 2016, Danny Jorgenson ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254. (ECF Docket No. 1.)

## INTRODUCTION

The Petition purports to assert a claim under the Equal Protection Clause of the Fourteenth Amendment, that "California's statutory policies governing parole suitability fail to afford combat theatre [sic] veteran's diagnosed with PTSD the same consideration it provides to inmates suffering PTSD due to Battered Woman's Syndrome."    (Pet. at 5.)

1

Petitioner has checked the box reflecting that his Petition concerns a "parole problem" and "other" grounds (Pet. at 2), however, on the Court's review it is apparent that he makes no allegation challenging the denial of a parole request or to the duration of his confinement, and attaches no evidence of any such denial to his Petition.

## PETITIONER'S CHALLENGE TO CALIFORNIA'S PAROLE POLICY MUST BE BROUGHT AS A CIVIL RIGHTS ACTION

A habeas corpus action is the proper mechanism for a prisoner to challenge the *fact or duration* of his confinement, but a civil rights action is the proper mechanism for challenging the *conditions* of his confinement.  *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1990).  Here, Petitioner's Equal Protection challenge to California's parole policies does not attack the legality or duration of his confinement, but rather, the conditions of his confinement; therefore a habeas petition is not the proper mechanism for bringing this claim.  *Crawford*, 599 F.2d at 891-92; *Tucker*, 925 F.2d at 332.

Even if Petitioner was successful (in obtaining the injunctive relief that he presumably seeks as to the policy challenge), "it will in no way *guarantee* parole or necessarily shorten [his] prison sentence[ ] by a single day," because "the parole board will still have the authority to deny [an inmate's] requests for parole on the basis of any of the grounds presently available to it in evaluating such a request."  *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *See* Cal. Code Regs. tit. 15, § 2281(b) (listing information considered in determining whether a prisoner is suitable for release on parole, including whether "the prisoner will pose an unreasonable risk of danger to society if released from prison."); *See also* Cal. Penal Code § 3041(b).

2

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Habeas Rule 4.

While this Court has limited discretion to convert a flawed habeas petition to a civil rights action, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006), in this instance, converting the Petition to a 42 U.S.C. § 1983 complaint would be improper in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters.  For example, prisoner civil rights actions are subject to a $350 filing fee, as compared to the substantially lower $5 filing fee for habeas petitions.  28 U.S.C. § 1914(a).  Additionally, unlike habeas actions, prisoners seeking to bring civil rights complaints are required to pay the full filing fee even if they qualify for *in forma pauperis* status.  28 U.S.C. §1915(b)(1); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997).  Moreover, in light of the specific, mandatory exhaustion requirements in prisoner civil rights actions, *see* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Ngo*, 548 U.S. at 85, the Court-approved civil rights complaint form, which requires the inmate to "attach copies of papers related to the grievance procedure," is essential to ensure that a prisoner has complied with those requirements.  *See* Civil Rights Complaint Form CV-66, page 2.  Consequently, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present claim through a properly-submitted civil rights complaint.

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the Petition without prejudice.

The Clerk of the Court is directed to include a copy of the form complaint for civil rights actions under 42 U.S.C. § 1983 with this Order.

1   In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

2 United States District Courts, the Court has considered whether a certificate of appealability

3 is warranted in this case.  *See* 28 U.S.C. § 2253 (c) (2); *Slack v. McDaniel*, 529 U.S. 473,

4 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted and,

5 thus, a certificate of appealability is DENIED.

6

7   LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9 As required by Fed. R. Civ. P. 58 (a) (1), final judgment will be issued separately.

10

11 DATED: May 22, 2016

12

13            _____

14             Josephine L. Staton

            United States District Judge

15

16 Presented by:

17

18

19

20 Karen L. Stevenson

21 United States Magistrate Judge

22

23

24

25

26

27

28

4